## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| BUDDY BEAVERS, | : | |
| *Plaintiff*, | : | CIVIL CASE NO. |
| | : | 3:19-cv-1492 (JCH) |
| v. | : | |
| | : | |
| WARDEN KRISTEN BARONE, ET AL., | : | OCTOBER 16, 2020 |
| *Defendants.* | : | |

### RULING ON PENDING MOTIONS AND AMENDED COMPLAINT

The plaintiff, Buddy Beavers ("Beavers"), is currently confined at MacDougall-Walker Correctional Institution ("MacDougall-Walker"). He initiated this action by filing a complaint naming Warden Kristen Barone, Drs. Omprakash B. Pillai[1] and Joseph C. Coleman, and Physician Assistant Kevin T. McCrystal as defendants. He alleged that the defendants had retaliated against him, had been deliberately indifferent to his medical needs from September 2018, to September 2019, and had subjected him to unconstitutional conditions of confinement in May 2018. Complaint ("Compl.") (Doc. No. 1) at 13-30.

On January 14, 2020, after reviewing the Complaint under section 1915A(b) of title 28 of the United States Code, the court dismissed the requests seeking injunctive relief; the claim asserted under the Sixth Amendment; the claim asserted directly under the Fourteenth Amendment; the retaliation claim asserted under the First Amendment; the claim that Warden Barone and Physician Assistant McCrystal were deliberately

---

[1] In his Amended Complaint, Beavers misspells Dr. Pillai's first name as Omprahash instead of Omprakash. See Amended Complaint (Doc. No. 12) at 1; Waiver of Service of Summons by Dr. Pillai (Doc. No. 15). The court directs the Clerk to edit the docket to reflect the correct spelling of Dr. Pillai's first name as Omprakash.

indifferent to Beavers' medical needs in violation of the Eighth Amendment, made applicable to the states through the Fourteenth Amendment; the allegation that medical staff members at MacDougall-Walker failed to provide Beavers with new inhalers in a timely manner, asserted under the Eighth Amendment, made applicable to the states through the Fourteenth Amendment; and the claim that the defendants violated Department of Correction Administrative Directives.  See Initial Review Order ("IRO") (Doc. No. 8) at 22; id. at 11.  The court concluded that the claim of deliberate indifference to medical needs, asserted under the Eighth Amendment, made applicable to the states through the Fourteenth Amendment, would proceed against Dr. Pillai in his individual capacity, and the conditions of confinement claim asserted under the Eighth Amendment, made applicable to the states through the Fourteenth Amendment, would proceed against Dr. Coleman in his individual capacity.  Id. at 22-23.

On February 18, 2020, Beavers filed an Amended Complaint again naming Warden Barone, Drs. Pillai and Coleman, and Physician Assistant McCrystal as defendants.  See Amended Complaint ("Am. Compl.") (Doc. No. 12).  Beavers has moved to default defendants Pillai and Coleman for failure to appear and to plead to the Amended Complaint.  Motions for Default Entry (Doc. Nos. 16 &17).  Beavers has also moved for default judgment.  Motion for Default Judgment (Doc. No. 21).  Defendants Pillai and Coleman have moved for an extension of time to respond to the Amended Complaint and to dismiss the Amended Complaint.  See Mot. for Extension (Doc. No. 20); Mot. to Dismiss (Doc. No. 23).  For the reasons set forth below, the Amended Complaint is dismissed in part and the Motions for Default Entry, Motion for Default Judgment, Motion for Extension of Time, and Motion to Dismiss are denied.

2

## I.     Amended Complaint

The allegations and claims in the Amended Complaint largely mirror the

allegations and claims asserted in the Complaint.  Beavers sues Warden Barone, Drs.

Pillai and Coleman, and Physician Assistant McCrystal in their individual capacities and

seeks monetary damages and injunctive relief.

### A.     Standard of Review

Pursuant to section 1915A(b), a court must review civil complaints brought by

prisoners against governmental actors and "dismiss . . . any portion of [a] complaint

[that] . . . is frivolous, malicious, or fails to state a claim upon which relief may be

granted," or that "seeks monetary relief from a defendant who is immune from such

relief."  28 U.S.C. § 1915A(b).  This standard of review "appl[ies] to all civil complaints

brought by prisoners against governmental officials or entities regardless of whether the

prisoner has paid [a] filing fee."  Shakur v. Selsky, 391 F.3d 106, 112 (2d Cir. 2004)

(alterations in original).

Rule 8 of the Federal Rules of Civil Procedure requires that a complaint contain

"a short and plain statement of the claim showing that the pleader is entitled to relief."

Fed. R. Civ. P. 8(a)(2).  Although detailed allegations are not required, a complaint must

include enough facts "to state a claim to relief that is plausible on its face.  A claim has

facial plausibility when the plaintiff pleads factual content that allows the court to draw

the reasonable inference that the defendant is liable for the misconduct alleged."

Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (internal quotation marks and citations

omitted).  A complaint that includes only "labels and conclusions," "a formulaic recitation

of the elements of a cause of action," or "naked assertion[s] devoid of further factual

3

enhancement" does not meet the facial plausibility standard.  Id. (alteration in original; internal quotation marks omitted) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 557 (2007)).

It is well-established that "[p]ro se complaints 'must be construed liberally and interpreted to raise the strongest arguments that they suggest.'"  Sykes v. Bank of Am., 723 F.3d 399, 403 (2d Cir. 2013) (quoting Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 474 (2d Cir. 2006)); see also Tracy v. Freshwater, 623 F.3d 90, 101-02 (2d Cir. 2010) (discussing special rules of solicitude for pro se litigants).  However, notwithstanding this liberal interpretation, a pro se complaint will not survive dismissal unless the factual allegations meet the plausibility standard.  See Fowlkes v. Ironworkers Local 40, 790 F.3d 378, 387 (2d Cir. 2015).

**B.     Facts**

The Amended Complaint contains the same factual allegations that were asserted in the Complaint pertaining to the conditions Beavers endured during his confinement in an isolation cell for seven days in May 2018.[2]  The Amended Complaint also contains the same factual allegations that were asserted in the Complaint pertaining to the treatment provided to Beavers for his asthma, mental health conditions, and other medical complaints related to weight loss, sleep deprivation, nerve pain and numbness in his hands and feet, blurred vision, and changes in the color of his stool by medical staff members from September 2018 to September 2019.  See Compl.

---

[2] The court notes that, in the Complaint, Beavers asserted that he was confined in the isolation cell for seven days from May 17, 2018, to May 23, 2018.  Compl. at 19-21 ¶¶ 43, 45, 48-49, 52-54.  He continues to describe his confinement as lasting seven days, but now asserts that his confinement ended on May 24, 2018, instead of May 23, 2018.  Am. Compl. at 23-26 ¶¶ 58, 60, 65-66, 68-70.

at 1, 13-30 ¶¶ 12-87; Am. Compl. at 1, 13-43 ¶¶ 12-120.  A description of the alleged

facts is included in the IRO addressing the allegations asserted in the Complaint.  See

IRO at 3-7.  Thus, the court finds it unnecessary to reiterate the facts as asserted in the

Amended Complaint.

### C.    Discussion

Beavers contends, as he did in the Complaint, that the defendants violated his

Sixth, Eighth, and Fourteenth Amendment rights; failed to comply with State of

Connecticut Department of Correction Administrative Directives 1.13, 2.17, 9.4, and 9.5;

and engaged in "reprisal and retaliational action."  Am. Compl. at 11.  The Amended

Complaint does not identify any state law tort claims over which the court may take

supplemental jurisdiction.  See id. at 9.

### 1.    Allegations Previously Asserted in Complaint

Beavers has asserted no new facts regarding his seven-day confinement in an

isolation cell in May 2018 or the delays in or denial of the provision of treatment or

medication for his various medical conditions during the period from September 2018 to

September 2019.  Accordingly, for the reasons set forth in the IRO addressing his

claims as asserted in the Complaint, the court dismisses pursuant to section

1915A(b)(1) Beavers' claims that: (1) the defendants violated his Sixth and Fourteenth

Amendment rights; (2) failed to comply with various Administrative Directives and

engaged in unspecified retaliatory actions; (3) defendants Warden Barone and

Physician Assistant McCrystal were deliberately indifferent to his medical needs in

violation of the Eighth Amendment, made applicable to the states through the

Fourteenth Amendment; and (4) medical staff members at MacDougall-Walker failed to

5

provide Beavers with new inhalers in a timely manner in violation of the Eighth

Amendment, made applicable to the states through the Fourteenth Amendment.  See

IRO at 9-11, 13-18.

Although Beavers includes requests for injunctive relief in the Amended

Complaint, those requests are identical to the requests described in the Complaint.  See

Am. Compl. at 44 (seeking a court order directing the defendants to transfer him to

Garner Correctional Institution, to re-instate him as a kitchen storeroom clerk, to provide

him with a "Hi Pro Food tray," to place him on permanent single cell status until his

sentence expires and to refrain from ever transferring him from Garner to another

correctional facility); Compl. at 31 (seeking the same).  The requests seek relief that is

not related to the allegations in the Amended Complaint that the defendants were

deliberately indifferent to Beavers' various medical conditions from September 2018 to

September 2019, and subjected him to unconstitutional conditions of confinement

during his confinement in an isolation cell in May 2018.  Accordingly, the requests for

injunctive relief included in the Amended Complaint are dismissed pursuant to section

1915A(b)(1) for the same reasons the court dismissed the requests for injunctive relief

asserted in the Complaint.  See IRO at 8-9.

Finally, the court concludes, for the reasons stated in the IRO addressing the

Eighth Amendment allegations asserted in the Complaint against Drs. Pillai and

Coleman, that Beavers has stated a plausible claim that Dr. Pillai was deliberately

indifferent to his medical complaints related to weight loss, sleep deprivation, nerve

pain, numbness in his hands and feet, blurred vision, and changes in the color of his

stool as of September 7, 2019, and a plausible claim that Dr. Coleman subjected him to

unconstitutional conditions, including a lack of access to a shower, hygiene items, pen and paper, socks/safety booties, adequate cleaning supplies, and exposure to excessive noise and constant illumination during his seven-day confinement in an isolation cell in May 2018.  See id. at 12-15, 18-19.  The court will permit these Eighth Amendment claims to proceed against Drs. Pillai and Coleman in their individual capacities for further development of the record.

### 2.    New Allegations

The Amended Complaint includes several allegations regarding incidents that arose after Beavers filed his Complaint.  Beavers alleges that, on October 3, 2019, December 12, 2019, and December 23, 2019, he submitted inmate requests to the medical department seeking re-fills of his prescriptions for an Asmanax inhaler and for a Ventolin inhaler and that, on January 6, 2020, he filed a grievance seeking re-fills of both prescriptions.  See Am. Compl. at 21-22 ¶¶ 52, 54-55.  On October 19, 2019, medical staff members provided him with new inhalers in response to his October 3, 2019 request, and on January 6, 2020, medical staff members provided him with new inhalers in response to his December 2019 requests and January 6, 2020 grievance. See id. at 22 ¶¶ 53, 56; see also id. at 73, 77-79.

To state a claim under section 1983, a plaintiff must allege facts showing that the defendant, acting under color of state law, deprived him of a federally protected right. See Lugar v. Edmondson Oil Co., Inc., 457 U.S. 922, 930 (1982).  Furthermore, a plaintiff seeking to recover money damages from a defendant in his or her individual capacity must demonstrate "the defendant's personal involvement in the alleged

7

constitutional deprivation." Grullon v. City of New Haven, 720 F.3d 133, 138 (2d Cir. 2013).

The Supreme Court has held that deliberate indifference by custody officers or medical staff members to a prisoner's serious medical need constitutes cruel and unusual punishment in violation of the Eighth Amendment.  See Estelle v. Gamble, 429 U.S. 97, 104-05 (1976).  To state a claim for deliberate indifference to a medical need or condition, an inmate must meet a two-pronged test.  Under the objective prong, the inmate's medical need or condition must be "a serious one."  See Brock v. Wright, 315 F.3d 158, 162 (2d Cir. 2003).  The second prong is subjective.  Under this prong, an inmate must allege that the medical staff members or prison officials "act[ed] or fail[ed] to act while actually aware of a substantial risk that serious inmate harm w[ould] result." Salahuddin v. Goord, 467 F.3d 263, 280 (2d Cir. 2006) (citing Farmer v. Brennan, 511 U.S. 825, 836-37 (1994)).

Beavers does not suggest in his Amended Complaint that his asthma interferes with his daily activities or causes him pain.  See Chance v. Armstrong, 143 F.3d 698, 702-03 (2d Cir. 1998) (noting that factors such as whether the condition "significantly affects an individual's daily activities" or causes "chronic and substantial pain" are "highly relevant to the inquiry into whether a given medical condition is a serious one") (internal quotation marks and citations omitted).  Nor do the allegations pertaining to the October and December 2019 requests and the January 2020 grievance suggest that any delay in receiving the inhalers exacerbated Beavers' asthma condition, interfered with his daily activities, or caused him pain, or even risked doing so.  See Smith v. Carpenter, 316 F.3d 178, 186 (2d Cir. 2003) (stating that when an inmate brings an

8

Eighth Amendment deliberate indifference claim based on "a temporary delay or interruption" of treatment, the relevant consideration is the "particular risk of harm faced by a prisoner due to the challenged deprivation of care, rather than the severity of the prisoner's underlying medical condition"). Furthermore, none of the defendants are mentioned in connection with the requests, the grievance, or Beavers' receipt of the new asthma inhalers in October 2019 and January 2020. The court concludes that the new allegations documenting Beavers' requests for, and receipt of re-fills of, his prescriptions for Asmanax and Ventolin inhalers do not plausibly state a claim that any defendant violated Beavers' constitutionally or federally protected rights. These allegations are therefore dismissed. See 28 U.S.C. § 1915A(b)(1).

## II.   Motions for Default Entry (Doc. Nos. 16 & 17), Motion for Default Judgment (Doc. No. 21), Motion for Extension of Time (Doc. No. 20), and Motion to Dismiss (Doc. No. 23)

Beavers moves for default entry against Drs. Pillai and Coleman for failure to appear and to plead to the Amended Complaint, and seeks a default judgment against both defendants for failure to plead. Both defendants signed waiver of service of summons forms and their responses to the Amended Complaint were due by March 16, 2020. Waiver of Service of Summons by Dr. Coleman (Doc. No. 14); Waiver of Service of Summons by Dr. Pillai (Doc. No. 15). Both defendants have now appeared and have filed a response to the Amended Complaint. Notice of Appearance (Doc. No. 19); Motion for Extension of Time (Doc. No. 20); Motion to Dismiss (Doc. No. 23).

The Second Circuit prefers that a case be decided on its merits instead of by default. See New York v. Green, 420 F.3d 99, 104 (2d Cir. 2005) (recognizing the Second Circuit's "strong 'preference for resolving disputes on the merits'" rather than

disposing of a case by default judgment for failure to plead to the complaint) (quoting Powerserve Int'l, Inc. v. Lavi, 239 F.3d 508, 514 (2d Cir. 2001)).  Further, the court has concluded that the Eighth Amendment claims that have been reasserted in the Amended Complaint will proceed against defendants Pillai and Coleman in their individual capacities.  Finally, both defendants have now appeared in the action and have responded to the Amended Complaint.  The court therefore denies the motions for default entry and for default judgment for failure to appear and failure to plead.

Defendants Pillai and Coleman seek an extension of time to file a response to the Amended Complaint, to complete discovery, and to file a summary judgment motion.  On September 4, 2020, the defendants filed a Motion to Dismiss the Amended Complaint.  The court has addressed the allegations in the Amended Complaint, concluding that the Eighth Amendment claims against Drs. Pillai and Coleman will go forward and that the remaining claims, both old and new, are dismissed.  The court intends to set new deadlines for completing discovery and for the filing of summary judgment motions.  The court therefore denies the defendants' Motion for Extension of Time as moot and denies the Motion to Dismiss.

## ORDERS

The Court enters the following Orders:

**(1)**      The Motions for Default Entry (Doc. Nos. 16 & 17) for failure to appear and to plead and the Motion for Default Judgment (Doc. No. 21) for failure to plead are denied.  The Motion for Extension of Time (Doc. No. 20) to file a response to the Amended Complaint, to complete discovery, and to file a summary judgment motion is

denied as moot.  The Motion to Dismiss (Doc. No. 23) is denied without prejudice to refiling.

The Clerk is directed to edit the docket to reflect the correct spelling of Dr. Pillai's first name as Omprakash.

The following claims and requests that are reasserted in the Amended Complaint (Doc. No. 12) are dismissed pursuant to section 1915A(b)(1) for the reasons set forth in the IRO (Doc. No. 8) addressing those claims and requests as asserted in the Complaint: (a) the requests seeking injunctive relief; (b) the Sixth Amendment claim; (c) the claim asserted directly under the Fourteenth Amendment; (d) the retaliation claim; (e) the claim that the defendants violated Department of Correction Administrative Directives; (f) the claim that Warden Barone and Physician Assistant McCrystal were deliberately indifferent to Beavers' medical needs in violation of the Eighth Amendment, made applicable to the states through the Fourteenth Amendment; and (g) the claim that medical staff members at MacDougall-Walker failed to provide Beavers with new inhalers in a timely manner in violation of the Eighth Amendment, made applicable to the states through the Fourteenth Amendment.  See IRO at 8-11, 13-20; 28 U.S.C. § 1915A(b)(1).  The new allegations asserted in the Amended Complaint that are related to Beavers' medical treatment for his asthma condition from October 2019 to January 2020 are dismissed pursuant to section 1915A(b)(1) for failure to state a claim that the defendants violated Beavers' federally or constitutionally protected rights.  Accordingly, all claims against Warden Barone and Physician Assistant McCrystal have been dismissed.

The following claims asserted in the Amended Complaint will proceed: the claim

11

that Dr. Pillai, in his individual capacity, was deliberately indifferent to Beavers' medical complaints related to weight loss, sleep deprivation, nerve pain, numbness in his hands and feet, blurred vision, and changes in the color of his stool as of September 7, 2019, in violation of the Eighth Amendment, made applicable to the states through the Fourteenth Amendment; and the claim that Dr. Coleman, in his individual capacity, subjected Beavers to unconstitutional conditions, including a lack of access to a shower, hygiene items, pen and paper, socks/safety booties, adequate cleaning supplies, and exposure to excessive noise and constant illumination during his seven-day confinement in an isolation cell in May 2018, in violation of the Eighth Amendment, made applicable to the states through the Fourteenth Amendment.

(2)      Discovery pursuant to Federal Rules of Civil Procedure 26 through 37 shall be completed on or before March 31, 2021.  Discovery requests need not be filed with the court.

(3)      All motions for summary judgment shall be filed on or before April 30, 2021.

(4)      Pursuant to Local Court Rule 83.1(c)2, Beavers must notify the court if his address changes at any time during this litigation.  Failure to do so may result in dismissal of the case.  The notification of change of address should state PLEASE NOTE MY NEW ADDRESS and include the case numbers of all cases filed by Beavers that are pending in this court.  Beavers should also notify the defendants or the attorney for the defendants of his new address.

(5)      The parties must comply with the District of Connecticut "Standing Order Re: Initial Discovery Disclosures," which will be sent to the parties by the Clerk.  The

order also can be found at http://ctd.uscourts.gov/district-connecticut-public-standing-orders.

**SO ORDERED.**

Dated at New Haven, Connecticut this 16th day of October 2020.

/s/  Janet C. Hall
Janet C. Hall
United States District Judge